IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| ROCCO SALVADORE POLCE, ) | Case No. 18-bk-218 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| ) | |
| MONONGALIA COUNTY COAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 18-ap-28 |
| ) | |
| ROCCO SALVADORE POLCE, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Rocco Salvadore Polce ("the Debtor") seeks to dismiss the above captioned adversary proceeding filed against him by Monongalia County Coal Company ("the Plaintiff"). According to the Debtor, the court should dismiss this proceeding because the Plaintiff fails to state a cause of action upon which the court can grant relief. The Plaintiff asserts that the court should deny Debtor's motion because it has stated a valid action under § 523(a)(2)(A) of the Bankruptcy Code challenging the dischargeability of its claim.

For the reasons stated herein the court will enter an order denying the Debtor's motion to dismiss.

### I. STANDARD OF REVIEW

The Debtor seeks to dismiss the Plaintiff's complaint on the ground that the Plaintiff has failed to state a claim upon which the court can grant relief. Fed. R. Bankr. P. 7012(b), which

incorporates Fed. R. Civ. P. 12(b)(6).  In adjudicating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, and a court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Defeating a motion for relief under Rule 12(b)(6) requires the plaintiff to provide more in the complaint than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The factual allegations in the complaint "must be enough to raise a right of relief above the speculative level," *id.*, and be enough to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Determining whether a complaint is "facially plausible" is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.* at 1950.

## II. BACKGROUND

Prepetition, in October 2016, the Debtor began his employment with the Plaintiff.  On October 14, 2016, the Plaintiff issued to the Debtor a paycheck check #12170 for $1,853.07.  The Debtor's employment ended on December 16, 2016.  On December 21, 2016, the Debtor allegedly communicated to the Plaintiff that he had not received check #12170.  The Plaintiff therefore requested that its bank stop payment on the check and subsequently issued to the Debtor check #12571.  The Plaintiff later learned that the Debtor cashed both checks— check #12170 on October 13, 2016[1] and check #12571 on December 28, 2016.[2]

On September 22, 2017, the Plaintiff filed a civil action against the Debtor in the Magistrate Court of Monongalia County, West Virginia.  There, the Plaintiff asserted various causes of action, including fraud and intentional misrepresentation, and sought reimbursement of $1,853.07 for the second check, $10.00 for a bank fee related to the stop payment order on the first check, and pre and post-judgment interest.

---

[1] There seems here to be an internal inconsistency regarding this factual allegation. It is unclear how the Defendant cashed a check a day earlier than it was issued.  In any event that inconsistency is immaterial to the court's disposition.

[2] While the Plaintiff's Complaint contains no factual allegations regarding the Debtor's employment and does not provide the dates the checks were cashed, this information was garnered from Exhibit A attached to the Plaintiff's Complaint.

On January 18, 2018, the magistrate court ordered the Plaintiff and Debtor to attend mediation. The Debtor did not appear and filed his voluntary Chapter 7 petition here three days later. On March 21, 2018, the magistrate court granted default judgment to the Plaintiff based, at least in part, on the Debtors failure to appear at mediation. The court ordered the Debtor to pay $1,863.07, $80.00 in court costs, and post-judgment interest.[3]

### III. ANALYSIS

The Debtor seeks to dismiss the complaint based upon the Plaintiff's alleged failure to assert facts to deny the Debtor's discharge as to its claim.[4] Specifically, the Debtor asserts that 1) the Plaintiff cannot simply rely upon the default judgment it obtained in magistrate court because the court there entered judgement based upon the Debtor's failure to appear at mediation and did not make findings to support denying the Debtor's Discharge of its claim; 2) the complaint does not state facts sufficient to support a finding of non-dischargeability under § 523 of the Bankruptcy Code; and 3) there are no facts within the complaint stating how the Debtor committed fraud or when the fraud occurred. The Plaintiff asserts that it is not simply relying on the default judgment but has adequately pleaded with particularity the elements to support a finding on non-dischargeability under § 523(a)(2).[5]

---

[3] Although the court is currently focused on the sufficiency of the complaint, the parties should be aware of an issue regarding the validity of the default judgment. Specifically, it may be that the default judgment is void because it was entered in violation of the automatic stay. *See Jordache Enterprises, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 204 W. Va. 487 (1998). *But See*, *Winters By & Through McMahon v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1996) (noting that, "[t]he Third, Fifth, Sixth, and Eleventh Circuits have decided that actions taken in violation of an automatic stay are voidable rather than void."). Although the court is not yet determining the validity of the Plaintiff's judgment, the Plaintiff should consider the same as it determines how to proceed here.

[4] The Debtor also asserts that the Plaintiff's complaint fails to use the proper caption as required by Fed. R. Bankr. P. 7010. Per Fed. R. Bankr. P. 9005, the harmless error rule applies in cases under the Bankruptcy Code and the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights. The Plaintiffs in their response have provided the correct caption and have thus adequately complied with Fed. R. Bankr. P. 7010.

[5] Regarding the Debtor's assertion that the Plaintiff simply relies on the magistrate's court default judgment, the court disagrees. The court agrees with the Debtor that the magistrate court entered default judgement based upon the Debtor's failure to appear at mediation, but the court disagrees with the Debtor that the Plaintiff has not pled facts here that, if true, may form the basis for denial of discharge as to its claim.

In order to plead the facts necessary to support a claim of fraudulent misrepresentation, the Plaintiff correctly notes that a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b), incorporated here by Fed. R. Bankr. P. 7009.  To adequately plead an action for relief under § 523(a)(2) of the Bankruptcy Code, a Plaintiff must allege: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the Plaintiff; and (4) the Plaintiff's justifiable reliance on the misrepresentation. *Harrold v. Raeder* (*In re Raeder)*, 409 B.R. 373 (Bankr. N.D.W. Va. 2009). Further, when a cause of action is alleged under § 523(a)(2)(A) an essential element is that the debtor have acted with the intent to deceive *Boyuka v. White (In re White)*, 128 Fed. Appx. 994, 998 (4th Cir. 2005) (holding that to except a debt from discharge under § 523(a)(2)(A), the movant must show, inter alia, that "the debtor's conduct was with the intention and purpose of deceiving or defrauding the creditor.")  However, because a debtor will rarely, if ever, admit to acting with an intent to deceive, intent may be inferred from the totality of the circumstances. *In re White*, 128 F. App'x 994, 999 (4th Cir. 2005) (citing *Palmacci v. Umpierrez*, 121 F.3d at 789).

Here, the court finds that the Plaintiff's complaint adequately pleads a cause of action upon which it can grant relief for fraudulent misrepresentation.  Specifically, the Plaintiff alleges facts supporting each element under § 523(a).  Regarding the first element, the Plaintiff alleges that the Debtor fraudulently misrepresented to the Plaintiff that he had not received check #12170. The Plaintiff's allegation that the Debtor represented that he has not received the check then cashed both checks is sufficient to allege a fraudulent misrepresentation.  As to the second element, the Plaintiff asserts that this misrepresentation induced it to write check #12571 to replace the check that the Debtor allegedly misrepresented he did not receive.  The Debtor cashed both checks, however, which the Plaintiff alleges harmed it.  The Plaintiff has therefore adequately stated facts supporting the third element under § 523(a)(2). Finally, the Plaintiff claims that it justifiably relied on the Debtor's alleged misrepresentation that he had not received check #12170.  Although whether its reliance was justifiable may be a question for factual development, the allegation is sufficient.

## IV.   CONCLUSION

Based upon the foregoing, the court finds that the Plaintiff adequately pleaded a cause of action under § 523(a)(2).  The court will therefore enter a separate order denying the Debtor's motion to dismiss.